Submitted on Motions for Summary Judgment.
Decision for defendant rendered February 2, 1993.
Appeal pending.
This matter is before the court on defendant's Motion for Summary Judgment and plaintiff's Cross-Motion for Partial Summary Judgment. *Page 374 
Plaintiff, as receiver, acquired the subject property after the period for appealing the assessed value had expired. Plaintiff appealed to defendant for relief under defendant's supervisory authority. ORS 306.115. Defendant found that plaintiff did not qualify for relief and denied the petition. Plaintiff then appealed to this court.[1]
Defendant's Motion for Summary Judgment contends that plaintiff did not meet any of the conditions for relief under ORS 306.115. Based on the information in the file and plaintiff's response to defendant's motion, the court finds defendant is correct.
1. Plaintiff's Cross-Motion for Partial Summary Judgment asserts that a federal statute, 12 U.S.C. § 1825(b), preempts the state procedural time limits and requires defendant, as a matter of law, to consider its appeal.
Generally, property of the United States and its instrumentalities is not subject to taxation by the states. Congress may waive this exemption, as it has here. The relevant portion of 12 U.S.C. § 1825(b) provides:
 "When acting as a receiver, the following provisions shall apply with respect to the Corporation [FDIC]:
 "(1) The Corporation including its franchise, its capital, reserves, and surplus, and its income, shall be exempt from all taxation imposed by any State, county, municipality, or local taxing authority, except that any real property of the Corporation shall be subject to State, territorial, county, municipal, or local taxation to the same extent according to its value as other real property is taxed, except that, notwithstanding the failure of any person to challenge an assessment under State law of such property's value, such value, and the tax thereon, shall be determined as of the period for which such tax is imposed." (Emphasis added.)
Plaintiff's motion focuses on the emphasized portion of the statute. Plaintiff claims this language preempts the state statute of limitations on appeals of assessed value. The *Page 375 
parties argue whether the language is clear or ambiguous and what Congress intended by such language.
Plaintiff makes an appealing and reasonable argument. In addressing the problems of the banking and thrift industry, plaintiff argues Congress recognized that "[a] primary cause of those problems was inflated appraisals of real property, which led to undercollateralized loans and, directly relevant here, inflated property tax liabilities." It may be reasonable to speculate that Congress was aware plaintiff usually acquires receivership property after a financial storm has already sunk the ship. During the storm, the prior crew had no time to tie down cargo. In fact, in many cases the crew was busy looting the ship before abandoning it. See HR Rep No 54(I), 101st Cong, 1st Sess 291-308 (1989) reprinted in 1989-2 USCCAN 87-104. By the time plaintiff takes over, appeal periods will have passed. It is reasonable to believe Congress intended to give plaintiff an opportunity to appeal the assessed value of properties it acquires as a receiver.
2. The above line of reasoning leads one to anticipate language giving plaintiff an extended right of appeal. The words in the statute "notwithstanding the failure of any person to challenge an assessment under State law of such property's value" is just the kind of lead-in one expects. 12 U.S.C. § 1825(b)(1). However, the words that follow do not and cannot be construed to fulfill that expectation. Those words are: "such value * * * shall be determined as of the period for which such tax is imposed." Id.
This is not language which preempts or even addresses state tax appeal procedures or appeal periods. These words merely provide what Oregon property tax laws already require. Even with twisting or wrenching, the court cannot make these words mean plaintiff has an extended or unlimited time to appeal the assessed value of property. Even less acceptable would be an interpretation that plaintiff has the power to unilaterally decide the taxable value of its property. Property taxation is a function of state and local government. If Congress actually intended to preempt state statutes governing property tax appeals, it failed to use words that expressed such intent.
Federal courts have recognized that the powers granted plaintiff by Congress are limited. Plaintiff's ability to escape state taxation is restricted. As the court stated in *Page 376 Irving Indep. School Dist. v. Packard Properties, 970 F.2d 58,63 (5th Cir 1992):
 "The policy arguments in this case are strong on both sides. Perhaps in consideration of these countervailing interests, Congress limited its grant of power to the FDIC." See also Carrollton-Farmers Branch Ind. Sch. Dist. v. FDIC, 776 F. Supp. 1180 (ND Tex 1991).
3, 4. In considering whether Congress intended to preempt a state's procedures, the court must begin with the assumption that Congress did not intend to do so. Maryland v. Louisiana,451 U.S. 725, 746, 101 S Ct 2114, 68 L Ed 2d 576, 1981). Since property taxation is a local or state function, congressional intent to preempt state law must be clearly evidenced. The court finds no such evidence here. Examination of the federal legislative history reveals nothing to indicate Congress intended to preempt state procedural rules with regard to property taxation. Applying state procedural rules is not inconsistent with the congressional policy of subjecting plaintiff's real property to ad valorem taxation. Those rules do not frustrate or produce a result inconsistent with the objectives of the federal legislation.
The court finds that plaintiff's Cross-Motion for Partial Summary Judgment must be denied. Now, therefore,
IT IS ORDERED that plaintiff's Cross-Motion for Partial Summary Judgment is denied, and
IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted.
Defendant to recover costs.
[1] Defendant issued a Preliminary Ruling No. 90-3211 on April 11, 1991, finding plaintiff did not qualify for relief under ORS306.115. That ruling was made final by defendant's opinion and order issued May 14, 1991, in connection with the stipulation of the parties with regard to other tax years. *Page 377